IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Werner Wolfgang Rümmer, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| State of North Dakota, et. al., | ) | Case No.: 1:12-cv-020 |
| | ) | |
| Defendants. | ) | |

Plaintiff has three motions now pending before the court: (1) a Motion for Jury Trial; (2) a Motion to Exceed 25 Interrogatories for Defendant Dr. John Hagan to 50 Interrogatories; and (3) a "Motion and to Waive Costs for Discovery Documents." For the reasons set forth below, plaintiff's first and third motions are granted and his second motion is granted in part.

I.  **BACKGROUND**

Plaintiff is an inmate at the North Dakota State Penitentiary. He initiated the above-entitled pro se action in February 2012. His complaint contains eight claims that survived the court's initial screening–his claims for deliberate indifference to serious medical needs (Claim Nos. 4, 18, 19, 24, 25, 26, and 30) and retaliation (Claim No. 16) against Defendants Robyn Schmalenberger, Kathy Bachmeier, Jessica Wilkin, and Dr. John Hagan.

On March 19, 2013, the court issued a scheduling and discovery order that, amongst other things, capped the number interrogatories each party could serve at twenty-five. It also scheduled a four-day bench trial to commence on June 30, 2014.

On March 28, 2013, plaintiff filed a Motion for a Jury Trial. On May 17, 2013, he filed Motions to Exceed 25 Interrogatories and to Waive Costs for Discovery Documents. All three

motions are now ripe for the court's consideration

## II. DISCUSSION

### A. Motion for Jury Trial

Plaintiff requests that the court cancel the bench trial and reschedule this case for a trial by jury. In so doing he advises the court that he will require between twenty-one and thirty days to present his case. As defendants have not objected or otherwise responded to plaintiff's request, the court is inclined to renotice this matter for a jury trial. It is neither required nor inclined to reserve 21 to 30 days for trial, however.

### B. Motion to Exceed 25 Interrogatories for Defendant Dr. John Hagan to 50 Interrogatories

Plaintiff next requests leave to serve 50 additional interrogatories on Defendant Dr. John Hagan. In response, defendants acknowledge that Dr. Hagan is the primary defendant in this case. They also recognize that plaintiff is proceeding pro se and that his custodial status makes it difficult for him to depose Dr. Hagan. They nevertheless oppose plaintiff's request on the grounds that it would be unduly burdensome to require Dr. Hagan to answer 50 more interrogatories. As a compromise, they suggest that plaintiff be permitted to serve 25 additional interrogatories on Dr. Hagan in lieu of taking his deposition.

According to defendants, they have already been served with 22 interrogatories, several of which were directed to Dr. Hagan, and 27 requests for production of documents. Under these circumstances, the service of 25 as opposed to 50 additional interrogatories on Dr. Hagan should be more than sufficient to address plaintiff's discovery concerns. Consequently, the court is inclined to heed defendants suggestion and allow plaintiff to serve 25 additional interrogatories, including subparts, on Dr. Hagan. The court shall next address plaintiff's motion regarding discovery costs.

C.     **Motion to Waive Costs for Discovery Documents**

When responding to plaintiff's initial interrogatories and document requests, defendants advised plaintiff they would not reproduce documents for him free of charge and requested $53.20 in payment for the 226 copies they had provided him.[1] They further advised that they would not provide plaintiff with additional documentation until they received payment for the 226 copies.

On May 17, 2013, plaintiff filed a motion requesting the court to waive the copying fees assessed by defendants. He avers that his ability to obtain discovery should not be contingent on his ability to pay copying expenses. He further avers that reimbursing defendants for their copying costs places him at a severe disadvantage given his limited resources.

Defendants filed a response in opposition to plaintiff's motion on May 17, 2013. First, they advise the court that plaintiff billed them $10.48 for copying and mailing costs he incurred when responding to their discovery requests.[2] Second, they deny ever having withheld any documents from production due to plaintiff's inability to pay their copying costs. Third, they aver that it is unreasonable for plaintiff to expect reimbursement for costs he incurred when responding to discovery requests while refusing to pay for defendants' costs in kind. Fourth, they reject the notion that they are duty bound to pay for plaintiff's discovery. Finally, they request authorization from the court to immediately withdraw $53.20 from plaintiff's inmate account to cover their copying costs and to withdraw funds in the future as is necessary to cover any additional costs they may incur.

The court is not inclined to intervene in prison administrative matters with respect to what

---

[1] Defendants are charging defendant $.20 per copy.

[2] Defendants have attached a copy of a check for $10.48 they sent to plaintiff as payment in full for copying and postage costs he incurred in responding to their discovery requests. (Docket No. 42-2).

prisoners are charged for copying and how that money is collected - at least absent a showing that there has been a denial of access to the courts.

### III.   CONCLUSION

Plaintiff's Motion for Jury Trial (Docket No. 37) is **GRANTED**. The bench trial shall be renoticed as a jury trial for which the court shall reserve four days on its calendar. Plaintiff's Motion to Exceed 25 Interrogatories (Docket No. 38) is **GRANTED IN PART**. Plaintiff is authorized to serve an additional 25 interrogatories on Dr. Hagan. Plaintiff's Motion to Waive Costs for Discovery Documents (Docket No. 39) is **GRANTED** with the understanding the parties shall bear their own discovery expenses at this stage of the proceedings.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge