IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Werner Wolfgang Rümmer, | ) | |
| | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| State of North Dakota, et. al., | ) | Case No.  1:12-cv-020 |
| | ) | |
| Defendants. | ) | |

On October 23, 2013, plaintiff Werner Wolfgang Rümmer ("Rümmer") filed requests for: court-appointed counsel, leave to amend the pleadings, the appointment of a special investigator, an examination by an independent physician, and a permanent placement at the James River Correctional Center ("JRCC"). For the reasons set forth below, the requests are denied.

I.      **BACKGROUND**

Rümmer filed a complaint in March 2012, that contained thirty-two enumerated claims against fifteen different defendants. The court allowed Rümmer to proceed with his claim against Kathy Backmeier, Jessica Wilkins, and Dr. John Hagan for deliberate indifference to his serious medical needs and his retaliation claim against Warden Schmalenberger. It dismissed the remainder of his claims without prejudice.

On October 23, 2013, Rümmer filed a 17-page missive in which he claimed that North Dakota State Penitentiary ("NDSP") staff had retaliated against him for filing the above-entitled action by: (1) denying him timely treatment in the spring of 2013 for what was eventually diagnosed as a severe case of shingles; (2) filing bogus disciplinary reports against him; (3) arranging for his

1

transfer from the NDSP to the JRCC; and (4) threatening, harassing, and otherwise badgering him. He further claims that Warden Schmalenberger intentionally put his life in jeopardy to the extent that she had him placed in close proximity to Kevin Austin, a fellow inmate on whom he had once informed and at whose murder trial he had testified. Finally, he claimed to have suffered a nervous breakdown on account of the staff's combined actions. He requested the following:

1) In light of plaintiff's nervous breakdown, this court appoints court-appointed counsel in this matter and all future proceedings in regards to Case No. 1:12-cv-020.

2) In light of several repeated acts of retaliatory strikes against the plaintiff, plaintiff requests this court orders a protection order against Defendants Schmalenberger, Wilkens, Bachmeier, Hagan and yet unnamed defendants, including Captain Darcy Klimpel until this action, Case No. 1:12-cv-20 is resolved.

3) Plaintiff be allowed, in light of his nervous breakdown which began approximately March 2013, to add further claims and defendants, and for this court to recind the August 2, 2013 deadline to add claims and/or defendants in this matter.

4) That the court appoint a federal entity to investigate Defendant Schmalenberger's conspiracy to commit the plaintiff's death via the Kevin Austin fiasco.

5) Plaintiff moves this court to reinstate Correctional Officer Captain Darcy Klimpel in light of the threats he made against the plaintiff surrounding Captain Klimpel's threats to Plaintiff in April 2013.

6) That the court orders an independent physician and neurologist to treat the plaintiff's spinal cord injury because after 4 years of "playing games," with the plaintiff's severe injury and continuing medical neglect and that the plaintiff's court-appointed counsel confer with the plaintiff to appoint an independent physician and an independent neurologist not affiliated in any way with the North Dakota Department of Corrections and Rehabilitation, to be paid for by the ND Department of Corrections.

7) That plaintiff was transferred to the James River Correctional Center on September 30, 2013 because plaintiff suffered a nervous breakdown due to defendants combined actions, that plaintiff now be allowed to remain at JRC

>under the protection of JRCC Warden Don Redmann until such time that this action is completed and/or the plaintiff be turned over to the Department of Homeland Security to execute a deportation order issued by an DHS immigration judge on June 3, 2011.

(Docket No. 61) (errors in original).

On October 25, 2013, defendants filed a response in opposition to Rümmer's requests. On November 4, 2013, Rümmer filed his reply. On November 14, 2013, the court received correspondence from Rümmer wherein he requested leave to withdraw his request for an investigation of Defendant Schmalenberger.

## II. DISCUSSION

### A. Requests to Amend the Pleadings

Rule 15 of the Federal Rules of Civil Procedure provides in part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It is generally left to the court's discretion whether to grant leave to amend the pleadings. Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992).

Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend is generally granted. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999); Brown v. Wallace, 957 F.2d 564, 566. "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908.

Defendants assert that Rümmer's new allegations should not be considered as part of this action and object to Rümmer's request to amend his pleadings to add claims and join additional defendants on the grounds that it is untimely and will unnecessarily delay final disposition of this matter. Rümmer disagrees.

Rümmer's requests to "reinstate" Darcy Klimpel as a defendant and otherwise amend the pleadings to add additional claims and to join new defendants are problematic several respects. First, it is not entirely clear from Rümmer's submissions what additional claims he intends to assert or who he intends to join as a defendant aside from Darcy Klimpel. And he has not submitted a proposed amended complaint for the court's review. Thus, the court can only speculate as to what claims he intends to add or how many additional defendants he will seek to join.

Second, Rümmer's request is untimely. The deadline for filing motions to join parties and amend the pleadings to add new claims lapsed on August 2, 2013. Although much of the conduct about which Rümmer now complains occurred between March and April 2013, he did not file his request to amend the pleadings until October 23, 2013, or more than two and a half months after the deadline lapsed.[1]

Third, the conduct about which Rümmer complains occurred well after he initiated this action and bears, at best, only a tangential relationship to his original claims. Allowing him to incorporate new allegations into the pleadings will only serve to obfuscate the issues presently before the court and unnecessarily protract matters. Moreover, it would allow him to circumvent the Prison Litigation Reform Act's screening and filing fee requirements. See e.g., Nelson v.

---

[1] On July 30, 2013, Rümmer filed a motion requesting a sixty-day extension of a number of deadlines, including the deadline for amending the pleadings. See Docket No. 53. However, on August 14, 2013, he withdrew his motion. See Docket No. 55.

4

Francis, No. 2:02–CV–03472003, WL 21766528, at *2 (N.D. Tex. July 29, 2003); Williams v. Harmon, No. 2:07CV00114, 2007 WL 3046170, at *3 (E.D. Ark. Oct. 15, 2007). His requests for leave to amend the pleadings to assertion additional claims and join additional parties to this action is therefore denied.. If Rümmer does indeed want to pursue these claims, he can seek leave to file a second, separate action.

      **B.**      **Request for Court-Appointed Counsel**

In addition to seeking leave to amend the pleadings, Rümmer renews his request court-appointed counsel on the grounds that he recently suffered a nervous breakdown and is therefore is less equipped to present his case.

The court denied Rümmer's previous motion for court-appointed counsel on the grounds that his claims were neither novel nor complex and that he had demonstrated that he was capable of presenting his own case. See Docket Nos. 48-50. Having reviewed the record, the court concludes that this still holds true. It does not appear that Rümmer's condition has appreciably affected his ability to present his own case; despite Rümmer's purported psychiatric issues, he has been able to engage in discovery and otherwise vigorously prosecute this action as evidenced by his correspondence to the court and the multiple motions he filed with the court between March 28 and August 26, 2013. See Docket Nos. 37 (Motion for Jury Trial), 38 (Motion to Exceed 25 Interrogatories for Defendant Dr. John Hagan to 50 Interrogatories), 39 (Motion to Waive Costs for Discovery Documents to the Plaintiff from the Defendant), 44 (Letter), 53 (Motion for Extension of Time to File), 56 (Motion to Compel), and 59 (Letter). Consequently, the court finds that appointment of counsel is neither necessary nor warranted at this time.

### C. Request for Appointment of Special Investigator

Rümmer's also requested the appointment of a federal entity to "investigate Defendant Schmalenberger's conspiracy to commit the plaintiff's death via the Kevin Austin fiasco."[2] However, he later advised the court of his desire to withdraw his request.

### D. Request for Placement at JRCC

According to Rümmer, he was transferred from the NDSP to the JRCC on September 30, 2013, only to be returned to the NDSP weeks later. Prior to his return to the NDSP, he asked the court to order defendants to return and hold him at the JRCC until this case has concluded and/or until he is can be deported.[3]

First, it should be noted that Rümmer has no constitutional right to be incarcerated in the facility of his choice. See Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983). Second, it is difficult to discern exactly what Rümmer wants given the inconsistencies in his submissions. Initially he complained about the fact that the he had been transferred from the NDSP to the JRCC. However, in his next breath, he asked to remain at the JRCC. In his subsequent correspondence with the court he advised that he had been returned to the NDSP. However, he did not explicitly complain about his return to the NDSP or otherwise renew his request for a placement at the JRCC. His original request is therefore denied.

---

[2] It is well settled that private citizens have no constitutional or other right to right to a criminal investigation. Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); Koger v. Florida, 130 Fed. Appx. 327, 335, 2005 WL 1027204, *6 (11th Cir. 2005); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Dohaish v. Tooley, 670 F.2d 934, 935 (10 th Cir. 1982); Fulson v. City of Columbus, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("Thus, courts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon lack of prosecution of others.").

[3] In his complaint Rummer states that he is a German national who relocated to the United States in 1968. (Docket No. 8). In the requests he filed the Court on October 23, 2013, he states that an order for his deportation was issued by the Department of Homeland Security on judge on June 3, 2011. (Docket No. 61).

### E.      Treatment by Independent Physician at Defendants' Expense

It is not entirely clear whether, in his sixth request, Rümmer is (a) requesting an independent evaluation of his person at defendant's expense for treatment purposes, or (b) reiterating and otherwise elaborating on the relief he ultimately seeks with respect to his existing claims for deliberate indifference to his serious medical needs.  To the extent that his request is for the former, it is denied.

Fed. R. Civ. P. 35 authorizes the court to "order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1). "The federal courts have held, however, that this Rule does not allow a party, even an indigent or prisoner, to seek his own examination." McKenzie v. Nelson Coleman Correctional Center,  Smith v. Carroll, 602 F. Supp.2d 521, 526 (D. Del. 2009).

"It is quite settled that Rule 35 'does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself.'" Id.  (quoting Brown v. United States, 74 Fed. Appx. 611, 614 (7th Cir.2003)); see also Quintana v. Swarthout, 2012 WL 5499872 at * 3 (E.D. Cal. Nov. 13, 2012) ("This court is aware of no authority allowing it to order an independent medical or mental examination at government expense for an indigent plaintiff in a civil action."); Green v. Branson, 108 F.3d 1296, 1304 (10th Cir.1997) (affirming the denial of indigent prisoner's request for Rule 35(a) exam for the purpose of "obtain[ing] medical care and complain of deliberate indifference to his serious medical needs ...").  Thus, regardless of his custodial status, Rümmer is not entitled to an order for his own medical examination under Fed.R.Civ.P. 35.

### III.      CONCLUSION

Rümmer's motion for leave to withdraw his request for an investigation of Defendant

7

Schmalenberger (Docket No. 63) is **GRANTED.** Rummer's request for an investigation Defendant Schmalenberger is deemed **MOOT.** The remainder of Rümmer's requests (Docket No. 61) are **DENIED**.

    **IT IS SO ORDERED.**

    Dated this 7th day of January, 2014.

                                           */s/ Charles S. Miller, Jr.*
                                           Charles S. Miller, Jr., Magistrate Judge
                                           United States District Court