# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Werner Wolfgang Rummer, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| State of North Dakota, et. al., ) | Case No. 1:12-cv-020 |
| ) | |
| Defendants. ) | |

On October 20, 2014, plaintiff filed an eleven page document (excluding attachments) with the following caption: "Emergency for All Motions: Motion to Suspend Litigation, Motion to allow Plaintiff to Submit further documents with Case Law, Motion for Court-Appointed Attorney, Motion for Discovery Hearing, Motion to Set Matter for Trial." (Docket No. 90). On October 28, 2014, he filed a twenty-two page document (excluding attachments) with the following caption: "Motion to Grant Denial for Summary Judgment, Motion to Grant Motion for Discovery Hearing, Motion to Grant Suspension of Litigation, Motion for Protection, Motion to Grant Court-Appointed Attorney, Motion to Grant Trial by Jury." (Docket No. 92). In these two documents he requests, inter alia, that the court stay proceedings, permit him to file documents pertaining to incidents that allegedly occurred in September and October 2014, convene a "discovery hearing," reconsider his request for court-appointed counsel,[1] and order his transfer to a different correctional facility.

The court is not inclined to stay this matter as or otherwise permit plaintiff to file any additional documents as plaintiff has presented no compelling reason to further delay resolution of this case. First, the documents plaintiff now seeks leave to file clearly pertain to matters separate and distinct

---

[1] The instant requests excluded, defendant thrice filed motions requesting court-appointed counsel that were ultimately denied by the court without prejudice. See Docket Nos. 48, 50, 61, 65, and 81.

1

from his original claims. Second, insofar as plaintiff is attempting to assert any additional claims, his request is untimely as his deadline for amending the pleadings lapsed in August 2013.[2] Third, the court will not permit plaintiff to circumvent the Prison Litigation Act's screening and filing fee requirements and assert additional claims piecemeal, particularly when they are separate and distinct from those in his original Complaint. See, e.g., Nelson v. Francis, No. 2:02–CV–03472003, WL 21766528, at *2 (N.D. Tex. July 29, 2003); see also George v. Smith, 507 F.3d 605 (7th Cir. 2007); Williams v. Harmon, No. 2:07CV00114, 2007 WL 3046170, at *3 (E.D. Ark. Oct. 15, 2007); Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997).

Accordingly, the court **DENIES** plaintiff's requests to stay this litigation, for leave to file additional documents, and for a discovery hearing. The court also **DENIES** plaintiff's request for reconsideration of its previous decisions denying him court-appointed counsel. Insofar as plaintiff has requested a transfer to a different facility, it is **DENIED** as it is well settled that inmate to don't have a constitutional right to be transferred from one facility to another. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam). As for plaintiff's remaining requests, they too are **DENIED** as they are premature, inconsistent with his other requests, or otherwise without merit.[3]

**IT IS SO ORDERED.**

Dated this 28th day of October, 2014.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[2] Not only has the deadline lapsed, but defendants' Motion for Summary Judgment has been fully briefed and is ripe for the court's consideration.

[3] This matter shall be rescheduled for trial as necessary once the court has disposed of defendants' Motion for Summary Judgment.

2